IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**COLUMBIA GAS TRANSMISSION CORPORATION,**

           **Plaintiff,**

**v.**

                                            **CIVIL ACTION NO.:** <u>3:14-cv-11854</u>

**UNITED STATES OF AMERICA,**
**WEST VIRGINIA ARMY NATIONAL GUARD,**
**WEST VIRGINIA STATE ARMORY BOARD,**
**ADJUTANT GENERAL OF WEST VIRGINIA,**
**and TRI-STATE AIRPORT AUTHORITY,**

           **Defendants.**

## COMPLAINT

      For its Complaint against the United States of America, the Adjutant General of West Virginia, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Tri-State Airport Authority, Plaintiff Columbia Gas Transmission Corporation, by counsel, hereby states and avers as follows:

### I.   PARTIES

      1.     Plaintiff Columbia Gas Transmission Corporation ("Columbia") is incorporated under the laws of Delaware, with its principal place of business in Fairfax, Virginia.  Columbia is qualified and authorized to do business in West Virginia.

      2.     The United States of America is a sovereign nation subject to suit for tort liability pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

      3.     The West Virginia Army National Guard ("WVANG") is both a federal agency within the meaning of the Federal Tort Claims Act, and a West Virginia state agency for certain purposes.

4.      The West Virginia State Armory Board is a corporation and agency of the State of West Virginia created by special statutory grant to be responsible for the acquisition, financing, construction, and disposition of armories.

5.      The Adjutant General of West Virginia acts in a dual official capacity as an executive agency of the state of West Virginia and the West Virginia State Armory Board and also as a federal agency in administering certain aspects of the West Virginia Army National Guard.

6.      Tri-State Airport Authority is a public corporation and Political Subdivision created by special statutory grant for the purpose of establishing, constructing and operating an airport in Wayne County, West Virginia.

## II.  JURISDICTION AND VENUE

7.      Columbia brings this action against the United States of America pursuant to the Federal Tort Claims Act.  As a suit against the United States for money damages, exclusive jurisdiction lies in the United States District Courts pursuant to 28 U.S.C. § 1346.

8.      Columbia has complied with all administrative exhaustion requirements imposed by 28 U.S.C. § 2671 *et seq.* prior to filing this suit by presenting its administrative claim to the West Virginia Army National Guard and the Adjutant General of West Virginia, which claim was not responded to or otherwise disposed of within six months of presentment and is therefore deemed to have been finally denied pursuant to 28 U.S.C. § 2675.

9.      This court has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over all other claims asserted in this action as they form part of the same case or controversy as the claims over which this Court has exclusive jurisdiction.

10.     All parties to this action are subject to personal jurisdiction of this Court as they each owned property, conducted business, or executed governmental functions in this jurisdiction.

11.     Venue is proper in this Court pursuant to 28 U.S.C.A. § 1402 and 28 U.S.C.A. § 1391 because it is the judicial district wherein the acts or omissions complained of occurred.

### III.     FACTS

12.     Columbia Gas Transmission Corporation is engaged in the business of transporting natural gas through underground pipelines in the state of West Virginia and other states.

13.     Columbia owns and operates a certain 18-inch diameter, high pressure natural gas pipeline designated as line BM-74, a section of which is situated on a right of way adjoining certain property owned by the Tri-State Airport Authority in Wayne County, West Virginia.

14.     By lease dated February 9, 1984, the West Virginia State Armory Board leased a certain parcel of land from the Tri-State Airport Authority for use by the West Virginia Army National Guard, subject to existing easements and rights of way.  The leased property is located on a mountain top adjacent to the Tri-State Airport.

15.     At a time currently unknown, the Tri-State Airport Authority and/or the West Virginia Army National Guard undertook certain excavation, grading, and other earthwork to clear vegetation and artificially build up and expand the mountain top and prepare the leased property for construction of a National Guard facility.

16.     Due to the substantial excavation and earth work occurring near its location, Columbia was required to re-locate its natural gas pipe line to a location immediately below a

slope constructed by the Tri-State Airport Authority and/or the West Virginia Army National Guard.

17.     As the West Virginia Army National Guard facility was constructed and expanded over the ensuing years, the property was excavated, graded and/or paved, and water drainage ditches, channels, gutters and pipes were constructed and installed to artificially collect surface water from the leased premises and direct it onto the excavated slope immediately above and adjacent to Columbia's easement and pipeline.

18.     On March 9, 2012, a Columbia employee was inspecting Columbia's pipeline and discovered a 400' landslide that had formed on the excavated slope above Columbia's pipeline. As the slide progressed over the next several days, it was determined that the natural gas pipeline had been displaced by the sliding soil approximately 18 feet from its original position, causing the pipeline to buckle.

19.     Due to the significant danger posed by the compromised natural gas pipeline, Columbia was required to take the pipeline out of service and mobilize excavation equipment and personnel on an emergency basis to excavate the entire hillside and stabilize and reconstruct the excavated slope.  Approximately 50,000 cubic yards of material were removed and replaced, and 200 feet of pipeline was replaced, at a total cost of approximately $1,116,915.00.

20.     During remediation work, Columbia discovered that organic material including tree trunks and stumps had been buried in the hillside during construction and excavation of the slope, compromising the stability of the slope.

21.     Columbia also discovered that the "rip rap" channel constructed by the West Virginia Army National Guard and/or the Tri-State Airport Authority to direct runoff from the leased property had not been properly constructed or lined, allowing surface water collected from

4

the mountain top to soak into the excavated slope rather than flowing to the drainage reservoir situated below Plaintiff's pipeline.  Columbia further discovered that foundation drain pipes had been installed to empty directly onto the failed section of the excavated slope rather than being directed into the established storm drainage system or dedicated drainage channel.  As a result, the soil was found to be saturated with water.

22.    The landslide was caused by improper excavation, grading and/or construction methods and by the artificial collection and diversion of large amounts of surface water directly onto the improperly constructed slope.

23.    Notwithstanding these facts, the Tri-State Airport Authority and the West Virginia Army National Guard have declined to share to any degree in the enormous costs of remediating the slip which formed on the land owned or leased by them.

24.    On July 11, 2013 Columbia sent a letter to the West Virginia Army National Guard and the Adjutant General of West Virginia as its agent, presenting its administrative claims and demanding a sum certain of $1,116,915.00.  More than six months have since elapsed, and no response or other action has been taken on Columbia's claims.  Pursuant to the Federal Tort Claim Act, Columbia's administrative claims are accordingly deemed to have been finally denied.

### COUNT I
**(Trespass by the United States)**

25.    Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    By and through its employees and agents, including but not limited to Army National Guard technicians and personnel, the United States of America improperly excavated, graded, constructed and artificially collected and diverted surface water upon an excavated slope

immediately above and adjacent to Plaintiff's pipeline, causing the excavated slope to encroach, trespass upon, and substantially damage Plaintiff's property, which damage had to be remediated on an emergency basis to alleviate the highly dangerous condition.

27.     The United States of America, acting by and through its employees and agents, including but not limited to Army National Guard technicians and personnel, did not have any legal right to encroach or cause an encroachment upon Plaintiff's property and pipeline.

28.     As a direct and proximate result of the actions of the United States of America as described above, Columbia's property has been severely damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition caused or contributed to by the actions of the United States of America, its employees and agents, including but not limited to Army National Guard technicians and personnel.

29.     Under these circumstances set forth above, the United States, if it were a private person, would be liable to Columbia in accordance with the laws of the State of West Virginia.

## COUNT II
## (Private Nuisance by the United States)

30.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     By and through its employees and agents, including but not limited to Army National Guard technicians and personnel, the United States of America substantially and unreasonably interfered with Plaintiff's use and enjoyment of its easement and pipeline by improperly excavating, grading, constructing and artificially collecting and diverting surface water upon an excavated slope immediately above and adjacent to Plaintiff's pipeline, causing a landslide.

6

32.     As a direct and proximate result of the actions of the United States of America as described above, Columbia's property has been seriously damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition caused or contributed to by the actions of the United States of America, its employees and agents, including but not limited to Army National Guard technicians and personnel.

33.     Under these circumstances set forth above, the United States, if it were a private person, would be liable to Columbia in accordance with the laws of the State of West Virginia.

**COUNT III**
**(Negligence by the United States)**

34.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35.     The United States of America, by and through its employees and agents, including but not limited to Army National Guard technicians and personnel, owed a duty to Plaintiff to act reasonably in excavating, grading and building up land owned or occupied by it in order to prevent damage to adjoining property owners, including Plaintiff.

36.     The United States of America, by and through its employees and agents, including but not limited to Army National Guard technicians and personnel, owed a duty to Plaintiff to act reasonably in dealing with surface water in light of the disadvantage caused to adjoining property owners.

37.     By and through its employees and agents, including but not limited to Army National Guard technicians and personnel, the United States of America breached the duty it owed to Plaintiff by negligently, carelessly, recklessly and unreasonably excavating, grading, constructing, and artificially collecting and diverting surface water upon an excavated slope

immediately above and adjacent to Plaintiff's natural gas pipeline, causing the slope to slide and encroach upon Plaintiff's natural gas pipeline.

38.     It was foreseeable that failure to exercise reasonable care in excavating and grading, and with respect to collecting and diverting surface water upon an improperly excavated slope would cause damage to adjoining property owners including Plaintiff.

39.     As a direct and proximate result of the acts or omissions of the United States of America as described above, Columbia's property has been severely damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition caused or contributed to by the actions of the United States of America, its employees and agents, including but not limited to Army National Guard technicians and personnel.

40.     Under these circumstances set forth above, the United States, if it were a private person, would be liable to Columbia in accordance with the laws of the State of West Virginia.

## COUNT IV

### (Trespass by the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia)

41.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     By and through their employees, agents and instrumentalities, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia, improperly excavated, graded, constructed and artificially collected and diverted surface water upon an excavated slope immediately above and adjacent to Plaintiff's pipeline, causing the excavated slope to encroach, trespass upon, and substantially damage Plaintiff's property, which damage had to be remediated on an emergency basis to alleviate the highly dangerous condition.

8

43.     The West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia did not have any legal right to encroach or cause an encroachment upon Plaintiff's property and pipeline.

44.     As a direct and proximate result of the acts or omissions of the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia as described above, Columbia's property has been severely damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia caused, contributed to or allowed to exist on land held or occupied by them.

## COUNT V

### (Nuisance by the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia)

45.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     By and through their employees, agents and instrumentalities, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia substantially and unreasonably interfered with Plaintiff's use and enjoyment of its easement and pipeline by improperly excavating, grading, and artificially collecting and diverting surface water upon an excavated slope immediately above and adjacent to Plaintiff's pipeline, or by allowing the same to occur on land held or occupied by them.

47.     As a direct and proximate result of the acts or omissions of the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia as described above, Columbia's property has been seriously damaged, and Columbia

has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia caused, contributed to or allowed to exist on land held or occupied by them.

## COUNT VI

### (Negligence by the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia)

48.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     By and through its employees, agents and instrumentalities, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia owed a duty to Plaintiff to act reasonably in excavating, grading, constructing, and building up land owned or occupied by it in order to prevent damage to adjoining property owners, including Plaintiff.

50.     By and through their employees, agents and instrumentalities, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia owed a duty to Plaintiff to act reasonably in dealing with surface water in light of the disadvantage caused thereby to adjoining property owners, including Plaintiff.

51.     By and through their employees, agents and instrumentalities, the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia breached the duties they owed to Plaintiff by negligently, carelessly, recklessly and unreasonably excavating, grading, constructing and artificially collecting and diverting surface water upon an excavated slope immediately above and adjacent to Plaintiff's natural gas

pipeline, and/or allowing the same to occur on land held or possessed by them, causing the slope to slide and encroach upon Plaintiff's natural gas pipeline.

52.     It was foreseeable that failure to exercise reasonable care in excavating, grading, and collecting and diverting surface water upon an improperly excavated slope, or allowing the same to occur, would cause damage to adjoining property owners including Plaintiff.

53.     As a direct and proximate result of the acts or omissions of the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia as described above, Columbia's property has been severely damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia caused, contributed to or allowed to exist on land held or occupied by them.

## COUNT VII

### (Trespass by Tri-State Airport Authority)

54.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.     By and through its employees, agents and instrumentalities, the Tri-State Airport Authority improperly excavated, graded, constructed and artificially collected and diverted surface water upon an excavated slope immediately above and adjacent to Plaintiff's pipeline, causing the excavated slope to encroach, trespass upon, and substantially damage Plaintiff's property, which damage had to be remediated on an emergency basis to alleviate the highly dangerous condition.

56.     The Tri-State Airport Authority did not have any legal right to encroach or cause an encroachment upon Plaintiff's property and pipeline.

57.     As a direct and proximate result of the acts or omissions of Tri-State Airport Authority as described above, Columbia's property has been seriously damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which Tri-State Airport Authority caused, contributed to or allowed to be caused on land owned or occupied by it.

**COUNT VIII**

**(Nuisance by the Tri-State Airport Authority)**

58.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 57 of this Complaint as if fully set forth herein.

59.     By and through its employees, agents and instrumentalities, the Tri-State Airport Authority substantially and unreasonably interfered with Plaintiff's use and enjoyment of its easement and pipeline by improperly excavating, grading, constructing, and artificially collecting and diverting surface water upon an excavated slope immediately above and adjacent to Plaintiff's pipeline, or by allowing the same to occur on land owned or occupied by it.

60.     As a direct and proximate result of the acts or omissions of the Tri-State Airport Authority as described above, Columbia's property has been severely damaged, and Columbia has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which the West Virginia Army National Guard, the West Virginia State Armory Board, and the Adjutant General of West Virginia caused, contributed to or allowed to be caused on land held or occupied by it.

## COUNT IX

### (Negligence by the Tri-State Airport Authority)

61.     Plaintiff hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     By and through its employees, agents and instrumentalities, the Tri-State Airport Authority owed a duty to Plaintiff to act reasonably in excavating, grading and building up land owned or occupied by it in order to prevent damage to adjoining property owners, including Plaintiff.

63.     By and through its employees, agents and instrumentalities, the Tri-State Airport Authority owed a duty to Plaintiff to act reasonably in dealing with surface water collected and diverted from land owned or occupied by it in light of the disadvantage caused to adjoining property owners including Plaintiff.

64.     By and through its employees, agents and instrumentalities, the Tri-State Airport Authority breached the duties they owed to Plaintiff by negligently, carelessly, recklessly and unreasonably excavating, grading, and artificially collecting and diverting surface water upon an excavated slope immediately above and adjacent to Plaintiff's natural gas pipeline, and/or allowing the same to occur on land owned or possessed by it, causing the slope to slide and encroach upon Plaintiff's natural gas pipeline.

65.     It was foreseeable that failure to exercise reasonable care in excavating, grading, and collecting and diverting surface water upon an improperly excavated slope, or allowing the same to occur, would cause damage to adjoining property owners including Plaintiff.

66.     As a direct and proximate result of the acts or omissions of the Tri-State Airport Authority as described above, Columbia's property has been severely damaged, and Columbia

13

has been forced to expend substantial sums in repairing and mitigating the dangerous landslide condition which the Tri-State Airport Authority caused, contributed to or allowed to exist on land owned or occupied by it.

**WHEREFORE** Plaintiff respectfully demands the following relief from the Defendants, jointly and severally unless otherwise provided by law:

1.  Monetary damages from the United State of America including but not limited to compensatory, incidental and consequential damages, annoyance and inconvenience in an amount not to exceed $1,116,915.00.

2.  Monetary damages from all other defendants in an amount in excess of the jurisdictional minimum of this court to be determined by the evidence, including but not limited to compensatory, incidental and consequential damages, annoyance and inconvenience.

3.  For a jury trial on all issues so triable.

4.  For any and all other relief to which Plaintiff may be entitled.

Dated this 7th day of March, 2013.

<table>
<tr><td></td><td>**COLUMBIA GAS TRANSMISSION CORPORATION,**</td></tr>
<tr><td></td><td>**By Counsel**</td></tr>
<tr><td></td><td>/s/Gregory P. Neil</td></tr>
<tr><td></td><td>Nora Clevenger Price (WV Bar No. 6948)</td></tr>
<tr><td>STEPTOE & JOHNSON PLLC</td><td>Gregory P. Neil (WV Bar No. 11077)</td></tr>
<tr><td></td><td>1000 Fifth Avenue, Suite 250</td></tr>
<tr><td>Of Counsel</td><td>P.O. Box 2195</td></tr>
<tr><td></td><td>Huntington, WV  25722-2195</td></tr>
<tr><td></td><td>Telephone: (304) 522-8290</td></tr>
<tr><td></td><td>Facsimile: (304) 526-8089</td></tr>
</table>