IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

COLUMBIA GAS TRANSMISSION LLC,

          Plaintiff,

v.                                CIVIL ACTION NO.   3:14-11854

UNITED STATES OF AMERICA
and TRI-STATE AIRPORT AUTHORITY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff, Columbia Gas Transmission, LLC's ("Columbia Gas") Motion for Leave to File an Amended Complaint, ECF No. 140. Columbia Gas seeks leave to add claims for unjust enrichment and *quantum meruit* against Defendants United States of America and Tri-State Airport Authority ("TSAA") because of evidence allegedly recently discovered through 30(b)(6) depositions. Having reviewed the Parties' briefs and for the reasons below, the Court **DENIES** Columbia Gas's Motion.

**I.    Background**

Columbia Gas filed the instant suit on March 7, 2014, alleging Defendants caused Columbia Gas harm by committing various torts under West Virginia law, including trespass, nuisance, and negligence. *Compl.* 1, ECF No. 1. In a scheduling order dated July 3, 2014, the Court directed the Parties to file amended pleadings by August 29, 2014. The first deadline for amending pleadings came and went without any amended pleadings filed. Between August and December 2014, the Parties exchanged initial disclosures pursuant to 26(a) and engaged in other discovery, including interrogatories and requests for production of documents. On December 9, 2014 the

Court amended its scheduling order and granted a second deadline for amending pleadings, permitting the parties to file them until December 29, 2014. The amended scheduling order further required completion of all discovery requests by July 20, 2015 and all depositions by September 1, 2015. That second deadline for amending pleadings came and went without any amended pleadings filed. Finally, on September 22, 2015, almost nine months after the second deadline for amending pleadings, Columbia Gas filed a motion to amend its complaint by adding claims for unjust enrichment and *quantum meruit*.

## II. Discussion

A motion to amend the complaint filed after the deadline established in the scheduling order must satisfy both Federal Rule of Civil Procedure 16(b)'s good cause standard for modifying the scheduling order and Rule 15(a)'s standard for amending pleadings. *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 496 (S.D. W. Va. 2003); *see also Stanley v. Huntington Nat. Bank*, 492 Fed. App'x 456, 461 (4th Cir. 2012). Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Rule 15(a)(2) provides, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

### A. Rule 16(b)'s Good Cause Requirement

Columbia Gas has failed to satisfy the good cause requirement of Rule 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Nester v. Hampton Inn Princeton*, No. 13-03336, 2013 WL 5425123, at *2 (S.D.W. Va. Sept. 26, 2013) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995)). Although prejudice to the party opposing

modification might supply additional reasons to deny a motion to amend the scheduling order, the primary focus in 16(b)'s good cause analysis is the moving party's diligence in seeking an amendment. *Id.* (finding 16(b)'s good cause standard met when facts supporting amendment were recently obtained by moving party).

In the instant case, Columbia Gas argues good cause exists for amending the complaint after the amended scheduling order's deadline for such because, according to Columbia Gas, during ongoing discovery it only recently learned facts supporting claims for unjust enrichment and *quantum meruit*. Specifically, Columbia Gas maintains that admissions made in recently completed 30(b)(6) depositions revealed the basis for these claim against the United States and TSAA. The United States and TSAA respond that the factual bases for these claims were known or knowable at the outset of litigation and in documents Columbia Gas has had in its possession since well before the 30(b)(6) depositions; namely, those documents are a lease agreement between the State of West Virginia and TSAA, an agreement between the State of West Virginia and the federal government regarding an armed forces reserve center project on state property, and a maintenance agreement between the State of West Virginia and federal government. *See Lease Between Tri-State Airport Authority and State of West Virginia*, ECF No 6, Ex. A (filed May 1, 2014) [hereinafter *Lease between TSAA and W. Va.*]; *Federal-State Agreement for Armed Force Reserve Center Project on State Property Between the National Guard Bureau Departments of the Army and the Air Force and the State of West Virginia*, ECF No. 81, Ex. B (filed Mar. 17, 2015) [hereinafter *Federal-State Agreement for Armed Force Reserve Center Project*]; *Maintenance Agreement for Tri-State Armed Forces Reserve Ctr. Between Federal Government and State of West Virginia*, ECF No. 140, Ex. B (provided to Columbia Gas on Jan. 12, 2015 in Adjutant General's Responses to Columbia Gas's Requests for Production of Documents).

The Court concludes that good cause does not exist for amending the complaint after the second deadline for amending pleadings. Columbia Gas has failed to satisfy 16(b)'s good cause requirement for modifying the already amended scheduling order because the factual allegations supporting the proposed unjust enrichment and *quantum meruit* claims were known or should have been known by Columbia Gas well before the recent 30(b)(6) depositions. Columbia Gas's allegation that new facts which surfaced in 30(b)(6) depositions have provided it with the basis for unjust enrichment and *quantum meruit* claims is unsupported by the record already compiled in this case. Colonel Shafer's admissions in his deposition about the fifty year duration of the lease between the State of West Virginia and TSAA were duplicative of information contained in the lease TSAA already provided Columbia Gas on May 1, 2014. *See Lease between TSAA and W. Va.* ¶ 2, ECF No 6, Ex. A. Moreover, reviewing Columbia Gas's proposed amended complaint, ECF No. 140, Ex. A, the additional facts alleged in support of the unjust enrichment and *quantum meruit* claims were either known to Columbia Gas at the outset of litigation or could have been discovered by Columbia Gas upon reviewing documents in its possession since well before the 30(b)(6) depositions. *Compare Amended Compl.* ¶¶ 41–58, *with Lease between TSAA and W. Va.*, *and Federal-State Agreement for Armed Force Reserve Center Project*. Instead of filing an amended complaint soon after it obtained the last of these documents on March 17, 2015, Columbia Gas waited more than six months to seek leave to amend the complaint. Columbia Gas's attempt to add these claims came also just outside of a month before the parties' scheduled mediation. Because two deadlines had already passed for amending pleadings, a six month delay in seeking leave to amend by adding a page and a half to the complaint in order to assert two simple claims is clearly not diligent.

As such, the court finds no good cause to modify the amended scheduling order to permit adjusting the complaint after the order's deadline for such has already past.

### III.  Conclusion

Having reviewed the Parties' briefs and for the forgoing reasons, the Court **DENIES** Columbia Gas's Motion for Leave to Amend the Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:  December 3, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE