## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

COLUMBIA GAS TRANSMISSION LLC,

          Plaintiff,

v.                                 CIVIL ACTION NO.   3:14-11854

TRI-STATE AIRPORT AUTHORITY,

          Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss under Federal Rule of Civil procedure 12(b)(1) brought by Defendant Tri-State Airport Authority (the "Airport"). ECF No. 208. In its motion, the Airport contends this Court lacks original jurisdiction over this action now that the United States has been dismissed from this case, and it argues the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. In the alternative, the Airport argues that even if this Court has subject matter jurisdiction and its continued exercise is proper, the Court should abstain from deciding this matter pursuant to the *Colorado River* doctrine. Based on the foregoing analysis, the Court **DENIES** the Airport's 12(b)(1) motion to dismiss.

### I.      Background

In 2012, a landslide at the Tri-State Airport in Huntington, West Virginia damaged Plaintiff Columbia Gas' ("Columbia Gas") high-pressure natural gas pipeline. Part of Columbia Gas' pipeline known as BM-74 is located in an easement on property owned by the Airport and leased to the West Virginia State Armory Board for use by the West Virginia Army National Guard (the "Guard") and United States Army Reserve.

On March 9, 2012, a Columbia Gas employee inspecting the BM-74 pipeline discovered that a 400 foot landslide had formed above Columbia Gas' pipeline. As the slide progressed over the following days, the sliding soil displaced the pipeline approximately eighteen feet from its original position, causing the pipeline to buckle. This required Columbia Gas to take the pipeline out of service and to remediate the area by excavating, stabilizing, and reconstructing the failed slope. Approximately 50,000 cubic yards of organic material was removed and replaced, and 200 feet of pipeline was replaced, costing approximately $1,116,915.00 for the whole remediation effort.

On March 7, 2014, Columbia Gas filed a Complaint against the Airport, the United States, and State Defendants—the Guard, the West Virginia State Armory Board, the Adjutant General of West Virginia. Compl., ECF No. 1. In its Complaint, Columbia Gas lodged claims against each defendant for negligence, trespass, and private nuisance; it sued the United States on these grounds under the Federal Tort Claims Act ("FTCA"). *Id.*

According to Columbia Gas, the 2012 landslide was caused by two negligent acts: the Airport's improper placement of uncompacted organic material on the slope above Columbia Gas' easement during the 1950s and 1970s, and an armory drainage system negligently constructed by contractors hired by the State Defendants and negligently approved by the United States. As a result of these allegedly negligent acts, the armory drainage system errantly emptied onto the uncompacted slope located adjacent to Columbia Gas' high-pressure natural gas pipeline, which resulted in the slope getting saturated with water, failing, and damaging Columbia Gas' pipeline. In responsive pleadings, Defendants—all allegedly joint tortfeasors—did not assert crossclaims against one another for contribution.

In July 2015, the Court dismissed the State Defendants because they are entitled to

Eleventh Amendment immunity from suit in federal court. *Columbia Gas Transmission, LLC v. United States, et al.*, No 14-11854, 2015 WL 4276334, at *1 (S.D.W. Va. July 14, 2015). Subsequently, Columbia Gas filed an action against the State Defendants in West Virginia state court. *See Columbia Gas Transmission, LLC. v. West Virginia Army Nat'l Guard, et al.,* No. 15-196 (W. Va. Cir. Ct. 2015). Columbia Gas' state court case asserts equitable claims against the State Defendants for unjust enrichment and quantum meruit, rather than tort claims for negligence, trespass, and private nuisance—the dismissed claims against the State Defendants in federal court. The state court case does not include the Airport as a party.

On February 4, 2016, the Court dismissed the United States under the FTCA's independent contractor exception. *Columbia Gas Transmission, LLC. v. United States, et al.*, No. 14-11854, 2016 WL 447627, at *1 (S.D.W. Va. Feb. 4, 2016). On February 8, 2016, the Airport filed the instant motion to dismiss, arguing that in light of the Court's dismissing the FTCA claims, this court lacks original jurisdiction; continued exercise of supplemental jurisdiction is improper; and in the alternative, *Colorado River* abstention is warranted. Def.'s Mot. to Dismiss 1 (Feb. 8, 2016), ECF No. 208. Trial of this action is set to begin on February 17, 2016.

Having summarized the facts and procedure of this case, the Court will turn to the issues of original jurisdiction, retention of supplemental jurisdiction, and *Colorado River* abstention.

## II.  Discussion

### A.  Original Jurisdiction

The Airport argues the Court lacks original jurisdiction over this matter and it has only supplemental jurisdiction over the remaining state law claims. Def.'s Mot. to Dismiss at 4. Specifically, the Airport argues that Columbia Gas failed to plead diversity jurisdiction and it failed to allege facts supporting a finding of such; therefore, the Court lacks diversity jurisdiction. Def.'s

Mot. to Dismiss at 5. The Court disagrees and finds it has diversity jurisdiction over this action.

Under 28 U.S.C. § 1332, federal diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000. The complete diversity requirement does not flow directly from the statutory language, but is instead a long-standing, judge-made rule strictly construing the diversity statute. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Thus, in an action based on diversity jurisdiction, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Allapattah*, 545 U.S. at 553. Additionally, the Complaint must plausibly plead either the jurisdictional basis, or at the very least, facts essential to show jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, (1936) ("the party who seeks the exercise of jurisdiction in [its] favor . . . must allege in [its] pleadings the facts essential to show jurisdiction."). Here, although the Complaint does not assert diversity jurisdiction is proper, it alleges facts indicating there is complete diversity among the parties and the amount in controversy exceeds $75,000.

The Complaint alleges facts which establish that the only two parties remaining in this action—one a limited liability corporation and the other a municipal corporation—are completely diverse. A corporation is deemed a citizen of every state where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). It is the place "where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation

holds its board meetings." *Id.* at 93. A limited liability company, such as Columbia Gas, will also be a citizen of every state where its members are citizens. *Cent. W. Va. Energy Co. v. Mountain State Carbon*, *LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004)). A municipal corporation is a citizen of that state where it is created by statute or law. *Port of Seattle v. Oregon & W. R. Co.*, 255 U.S. 56, 71 (1921) (holding port created under Washington law was municipal corporation and citizen of Washington).

As the Airport points out, the Complaint alleges that Columbia Gas is incorporated under the laws of Delaware, with its principal place of business in Fairfax, Virginia. Compl. ¶ 1, ECF No. 1. Although Columbia Gas did not allege the identity or citizenship of its members, the facts in the Complaint lead to the reasonable conclusion that no member of Columbia Gas is a citizen of West Virginia. *See* Compl. ¶¶ 1, 12 (pleading only that Columbia Gas does business in West Virginia; it is a citizen of Delaware and Virginia doing business in other states as well). Additionally, Columbia Gas did not allege the citizenship of the Airport, but the Complaint pleads the Airport is a West Virginia public corporation, from which the Court can reasonably infer its place of incorporation is West Virginia. *See* Compl. ¶ 6 ("The Airport is a public corporation and Political Subdivision created by special statutory grant for the purpose of establishing, constructing and operating an airport in Wayne County, West Virginia."). Additionally, the Airport's principal place of business must be in West Virginia, since the Airport is located in that State. Lastly, if the Airport is considered a municipal corporation like the port in *Port of Seattle*, the Court can infer that the Airport was created under the laws of West Virginia or one of its municipalities because of the Airport's being located in West Virginia. Thus, the Airport's domicile is West Virginia under the domicile tests for corporations and for *municipal* corporations. All of these facts and reasonable inferences come from the face of the Complaint. Because Columbia Gas is a citizen of

Delaware and Virginia, and the Airport is a citizen of West Virginia, complete diversity exists. As such, the Complaint alleges facts that establish diversity jurisdiction.

Second, the amount in controversy requirement is met. The amount in controversy is determined by the sum claimed in the plaintiff's complaint. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (citation omitted). In its Complaint, Columbia Gas alleges that it is entitled to $1,116,915 from the Airport for the slope remediation work it completed due to the Airport's alleged negligence. Compl. at 14, ¶ 1. Nothing leads the Court to conclude to a legal certainty that Columbia Gas cannot recover this amount if the Airport is found liable in negligence. Based on the complaint's prayer for relief, the Court finds the amount in controversy requirement is met.

### B. Supplemental Jurisdiction

As for supplemental jurisdiction, looking to 32 U.S.C. § 1367(c) it is proper for the Court to retain supplemental jurisdiction over the state law claims in this case.[1] Federal courts may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as a federal claim presented in the same case. 28 U.S.C. § 1367(a) (2012); *Hartman v. Univ. of Maryland at Baltimore*, 595 Fed. App'x 179, 180 (4th Cir. 2014); *Arrington v. City of Raleigh*, 369 Fed. App'x 420, 422 n.1 (4th Cir. 2010). Even after all federal claims supporting

---

[1] Although the Court has determined it has diversity jurisdiction over this action, thus supplemental jurisdiction is not necessary, it considers the propriety of retaining supplemental jurisdiction because the parties have primarily argued the Court has only this source of jurisdiction. Thus, supplemental jurisdiction is merely an alternative basis for jurisdiction in this case, and the court considers whether it should retain such jurisdiction over the remaining pendant state law claims.

supplemental jurisdiction are dismissed, 28 U.S.C. § 1367(c) permits district courts to retain supplemental jurisdiction over remaining pendant state law claims. *Arrington*, 369 F. App'x at 422. Section 1337(c) lists circumstances when district courts should decline to retain supplemental jurisdiction over state claims, specifically when: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over federal claims, (3) all federal claims have been dismissed, or (4) other compelling reasons exist for declining jurisdiction. 28 U.S.C. §1367(c) (2012); *Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997); *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). The district court's exercise of its discretion under § 1367(c) is not a jurisdictional matter, and therefore, it "may not be raised at any time as a jurisdictional defect." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

In this case, continuing to exercise supplemental jurisdiction is proper, notwithstanding the dismissal of all federal claims.[2] The Airport contends the Court should now decline, pursuant to 1367(c), to exercise supplemental jurisdiction over the remaining state law claims because all federal claims have been dismissed and because "exceptional circumstances demonstrate that compelling reasons exist for declining jurisdiction." Def.'s Memo. in Supp. of Mot. to Dismiss at 7. "[District] courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished," and "the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see also Hinson*, 239 F.3d at 617. [3] The Court considers

---

[2] The Airport does not challenge the existence of this Court's supplemental jurisdiction under 1367(a) over the state law negligence, trespass, and private nuisance claims against it.
[3] The Airport concedes that the analysis under section 1367(c)(4) for exceptional circumstances

each factor in turn.

First, the convenience and fairness factor weighs in favor of retaining jurisdiction. Under this factor, courts consider the inconvenience and unfairness that retaining jurisdiction might pose to the party seeking dismissal under 1367(c); on the flip side, courts must ascertain the inconvenience and unfairness that dismissing the action under 1367(c) poses to the party wishing to remain in federal court. The Airport seeks dismissal and Columbia Gas desires to keep its action here. Continuing to defend in federal court poses no inconvenience to the Airport. Columbia Gas has not named the Airport in the pending state proceeding; as such, the Airport will defend only one case even if this Court retains jurisdiction. Likewise, no unfairness is posed to the Airport by this Court's continuing to exercise jurisdiction. If a damage award is entered against the Airport, the Airport can seek contribution in state court from the Guard, its joint tortfeasor no longer a party to this case.[4] If the Airport's contribution claim is time-barred in state court, that will only be due to the Airport's failure to assert a crossclaim against the State when this case was filed in 2014. Moreover, if the contribution claim is time-barred, the Airport may nonetheless have an indemnification claim against the State.[5] Dismissing the action under 1367(c) may work serious

---

is the same as that under (c)(3) when all federal claims are dismissed. Def.'s Memo. in Supp. of Mot. to Dismiss at 7; *see also Thompson v. Bert Wolfe Ford, Inc.*, No. 13–4205, 2013 WL 1789299, at *4 n.2 (S.D.W. Va. Apr. 26, 2013) ("Essentially the same factors apply to the section 1367(c)(4) analysis.") (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir.2006)).

[4] Although the Airport hints that its ability to obtain contribution is uncertain, the Airport provides not authority or substantive argument that it will be unable to obtain contribution from the Guard in state court.

[5] The lease between the Airport and the State contains an indemnification clause under which the Airport may seek relief from the State for claims of damage to property arising directly or indirectly from the State's occupancy and use of the property, unless the claim was due to negligence of the Airport. *See* Lease between Airport and State 15, ECF No. 6. An action in contract has a ten-year statute of limitations in West Virginia. *See e.g.*, *Fuller v. Riffe*, 544 S.E.2d 911, 913 n.5 (W. Va. 2001) (observing West Virginia has ten-year statute of limitations on contract actions).

hardship to Columbia Gas because having to bring its tort claims against the Airport in state court could raise statute of limitations issues.[6] Furthermore, it is uncertain whether the state court will: (1) permit Columbia Gas to add the Airport as a party; (2) permit adding tort claims to an action in equity; and (3) grant the Guard's pending motion to dismiss, resulting in Columbia Gas having no case in which to add the Airport. Additionally, dismissing the action under 1367(c) would be unfair to Columbia Gas because of the resources and time it has expended in this action. Over the past two years Columbia Gas has devoted substantial resources and hours to litigate this case, including deposing nine individuals, exchanging thousands of pages of documents, and briefing numerous motions—three to dismiss and two for summary judgment. Pl.'s Resp. Opposing Mot. to Dismiss 8, ECF No. 220. Dismissing this action would make much of that effort completely superfluous. In fact, retaining jurisdiction is more convenient for both parties because if this Court dismisses this two-year old action, both parties have to start from scratch in state court. Thus, it is both fair and convenient to retain jurisdiction.

Second, federal policy weighs in favor of continuing to exercise supplemental jurisdiction. As previously determined, the Court has diversity jurisdiction over this action. Diversity jurisdiction's "basic rationale" is to provide an unbiased tribunal for out-of-state citizens who could suffer from parochialism of courts in a state not their own and where their opponent is a

---

[6] The Airport replies to this concern by asserting that under W. Va. Code § 55-2-18, Columbia Gas will be allowed one year to file its tort claims in state court. Upon reviewing the State's statute granting a time extension for refiling after dismissal, the Court finds that the plain language of the Statute does not apply to a federal court's decision to decline retaining supplemental jurisdiction. Although the statute applies to involuntary dismissals not based on the merits of the action, the statute lists three examples of dismissals not based on the merits and a federal court's declining to retain supplemental jurisdiction is not on that list. Although per the statute's terms the list is not exhaustive, the Court finds that the parties could nonetheless have a good faith basis for litigating the statute of limitations issue in state court, and for that reason, the Court finds Columbia Gas would face a serious hardship.

citizen. *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010); *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968). Columbia Gas is an out-of-state corporation, and forcing it to litigate in West Virginia State Court by dismissing this action under 1367(c) goes against the federal policy at the heart of diversity jurisdiction.

Third, comity—that is this Court's obligation to show courtesy and respect for state courts—does not caution against retaining supplemental jurisdiction. This case presents no novel or complex issues of state law, only "garden-variety state tort causes of action." Def.'s Memo. in Supp. of Mot. to Dismiss at 17. "Federal courts routinely exercise supplemental jurisdiction over state-law claims." *Vaden v. Discover Bank*, 556 U.S. 49, 69 n.18 (2009). Although the Airport claims there is a "special issue of comparative fault," the Court finds West Virginia state law clear on the question of whether non-parties immune from suit should be included on a special interrogatory in order to determine the plaintiff's comparative negligence.[7] Additionally, federal claims remained in this case until approximately two weeks before trial. As such, comity does not warrant declining jurisdiction.

Nor does judicial economy warrant declining supplemental jurisdiction. Columbia Gas

---

[7] They should be included. *See Modular Bldg. Consultants of W. Virginia, Inc. v. Poerio, Inc.*, 774 S.E.2d 555, 566 (W. Va. 2015) (caselaw and equities warranted placing non-party on jury special interrogatory for purpose of determining plaintiff's comparative fault); *Landis v. Hearthmark, LLC*, 750 S.E.2d 280, 291 (W. Va. 2013) (placement of an immune defendant on the verdict form was required by equitable principles of fairness, the concepts underlying the doctrine of comparative negligence, and caselaw); *See* Syl. Pt. 3, *Bowman v. Barnes*, 282 S.E.2d 613 (W. Va. 1981)("In order to obtain a proper assessment of the total amount of the plaintiff's contributory negligence under our comparative negligence rule, it must be ascertained in relation to all of the parties whose negligence contributed to the accident, and not merely those defendants involved in the litigation"); *Bowman*, 282 S.E.2d at 620 (noting in dicta, "there may be situations where the absent party cannot be brought into the suit, either because the party is beyond the court's jurisdiction, or has the benefit of some immunity, such as governmental immunity . . . . In these situations, it would appear to be unfair to preclude a consideration of the plaintiff's contributory negligence in regard to this absent party.").

asserts tort claims against the Airport in this federal Court and equitable claims against the Guard in state court, and those claims arise out of separate acts. The negligence claim against the Airport is based on improper placement of uncompacted fill material on a slope above Columbia Gas' pipeline easement, while the equitable claims against the Guard are based on unjust enrichment the Guard received when Columbia Gas remediated the Guard's leased property. While there may be some overlap in the facts necessary to prove these claims, they are nonetheless separate causes of action, requiring proof of different facts. These causes of action do not arise from the same underlying facts and circumstances. Moreover, this case has been pending for two years, while the state case was filed only about four months ago. In this federal case, the Court has held multiple hearings and resolved a host of issues through written opinions; indeed the case is on the eve of trial. The state court case has had no substantive developments since the Complaint was filed four months ago, other than an undecided motion to dismiss. Dismissing this case in favor of one unified proceeding in state court would waste a vast amount of time and energy expended by the Parties and Court that cannot be transferred to the state action simply by adding the Airport as a defendant. Therefore, declining jurisdiction will not serve judicial economy to any significant degree.

Because convenience and fairness, federal policy, comity, and judicial economy all counsel the Court to retain jurisdiction, the Court finds continuing to exercise supplemental jurisdiction is proper. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995); *see also Arrington*, 369 F. App'x at 423 (novel and complex issues of state law, predominance of state law claims, and lack of federal claims warranted declining supplemental jurisdiction); *see also Hinson*, 239 F.3d at 617 (same).

### C.  Colorado River Abstention

Lastly, the *Colorado River* abstention doctrine does not apply to this case. Federal courts

-11-

have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). In many circumstances state and federal courts enjoy concurrent jurisdiction. Generally, there is no rule prohibiting parallel actions from proceeding simultaneously in both federal and state courts. *Id.* Normally, when there are parallel proceedings in federal and state courts, the federal court should not abstain simply out of deference to the ongoing state court action, *id.* at 818, and instead should proceed simultaneously, the case decided later being resolved by res judicata. However, the Supreme Court in *Colorado River Water Conservation District v. United States* clarified that some "exceptional" circumstances permit dismissal of a federal action due to a concurrent state action. *Id.* But the circumstances permitting *Colorado River Abstention* are "considerably limited," and abstention in such cases is based on principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," not deference to the parallel state proceeding. *Id.* at 817–18 (internal quotations and citations omitted). The Fourth Circuit has clarified the *Colorado River* inquiry:

> The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits. If parallel suits exist, then a district court must carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction. . . : (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005) (internal citations and quotations omitted); *see also VonRosenberg v. Lawrence*, 781 F.3d 731, 734 (4th Cir. 2015) (citing *Chase Brexton*, 411 F.3d at 463–64). No one factor is determinative, and the court

must take into account both the obligation to exercise jurisdiction and the factors counselling against that exercise. *Colo. River Water Conservation Dist.*, 424 U.S. at 817.

In this case, the Court's inquiry ends at the threshold question; there is no state court action parallel to this federal court action. The Fourth Circuit has strictly construed the parallel proceeding question, requiring that the parties involved in both actions must be "almost identical," and the issues and remedies sought must be the *same*. *Chase Brexton*, 411 F.3d 457 at 464; *see also New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1074 (4th Cir. 1991). Here, the parties in the state and federal actions are not "almost identical." In this federal action, Columbia Gas brings negligence, trespass, and private nuisance claims against the Airport. In the state action, Columbia Gas brings equitable claims for unjust enrichment and quantum meruit against the Guard and other State of West Virginia entities dismissed from this action over six months ago. The Airport is not a party to the state proceeding, and the Guard is no longer a party to this proceeding. Hence, at this time the sole defendant in this case is entirely different from the defendants in the state court case. Second, the issues in each proceeding are different. The negligence claim lodged against the Airport stems from the improper placement of end-dump fill, whereas the equitable claims against the Guard are based on the benefit retained by the Guard when Columbia Gas remediated the Guard's leased property. Thus, in the federal and state cases, the issues of each entity's liability are wholly different from one another. *See Sto Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182, 187 (4th Cir. 2001) (finding issues were same in each proceeding because plaintiff sought to assert the same causes of action in both courts). Lastly, the remedies sought are not the same. In this action, Columbia Gas seeks a remedy at law: compensatory and special damages for negligence. In the state action, Columbia Gas seeks an equitable remedy: restitution for remediation. Because the parties are not "almost identical," the

-13-

issues are different, and the remedies are not the same, the threshold parallel proceeding requirement is unmet. Therefore, *Colorado River* abstention is not warranted in this case.

### III.     Conclusion

Based on the foregoing analysis, the Court concludes it has diversity jurisdiction over this action, and alternatively, retaining supplemental jurisdiction is proper. Additionally, the *Colorado River* abstention doctrine does not apply in this case. For these reasons, the Court **DENIES** the Airport's 12(b)(1) motion to dismiss.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       February 12, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE