IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

COLUMBIA GAS TRANSMISSION LLC,

          Plaintiff,

v.                           CIVIL ACTION NO.   3:14-11854

UNITED STATES OF AMERICA
and TRI-STATE AIRPORT AUTHORITY,

          Defendants.

**MEMORANDUM OPINION**

On January 26, 2016, the Court issued a short order denying a motion for summary judgment, ECF No. 158, brought by Defendant Tri-State Airport Authority (the "Airport"). ECF No. 194. The Court issued the Order to inform the Parties that it found the Airport's motion unmeritorious, but time constraints made it impossible to issue a more detailed opinion before a then-impending pretrial conference.[1] Now, the Court issues this Memorandum Opinion to explain why it denied the Airport's motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56, the Airport asked the Court for Summary Judgment on Columbia Gas' negligence, trespass, and nuisance claims against the Airport. First as to the negligence claim, the Airport argues it is entitled to summary judgment because the negligence claim is "based upon unduly speculative assumptions about the timing and identity of parties associated with [the 2012 slope failure]." Second, the Airport contends the negligence claim

---

[1] *See* ECF No. 158 (stating the "Court will expound upon its reason for denying the Motion at a later time, but enters this Order to dispose of the Airport's Motion and to give the Parties notice of the Court's decision in advance of the pretrial conference scheduled in this case.").

fails because it is necessarily based on alleged negligent acts of unidentified, independent contractors hired by the Airport, and the Airport cannot be held responsible for their negligent acts. Third, the Airport argues the negligence claim fails because Columbia Gas has not produced expert testimony establishing a professional standard of care and breach of that standard. Lastly, the Airport says in a footnote that the trespass and nuisance claims fail because under West Virginia law such claims require proof of negligent conduct. For the following reasons, each of the Airport's arguments for summary judgment fails.[2]

## I. Legal Standard

To obtain summary judgment, the moving party must show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case, and after discovery, has not made a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## II. Discussion

*A. The Negligence Claim is Supported by Non-Speculative Expert Opinion*

---

[2] The relevant background for this Memorandum Opinion can be found in the Court's previous Memorandum Opinion and Orders. *See Columbia Gas Transmission, LLC v. United States*, __ F.Supp.3d __, No. 14-11854, 2016 WL 447627, at *1 (S.D.W. Va. Feb. 4, 2016); *Columbia Gas Transmission, LLC v. United States,* No. 14-11854, 2015 WL 4276334, at *1 (S.D.W. Va. July 14, 2015).

First, the Airport argues it is entitled to summary judgment on Columbia Gas' negligence claim because that claim is "based upon unduly speculative assumptions about the timing and identity of parties associated with [the 2012 slope failure]." However, the Court concludes the Airport is not entitled to summary judgment on this ground.

The Airport contends there is insufficient evidence to conclude that the Airport placed onto the subject slope the deleterious materials that caused the 2012 landslide. Memo. in Supp. of Mot. for Summ. J. 10–11, ECF No 159. To put this argument into the context of a motion for summary judgment on a negligence claim, the Airport argues Columbia Gas failed to demonstrate the causation element—that the Airport factually and proximately caused the damage to Columbia Gas' pipeline.

Columbia Gas maintains that the Airport placed or approved placement of deleterious materials onto the slope, and that this placement, combined with the Airport's later decision to permit a drain field on the slope, factually and proximately caused the 2012 slope failure. To support this theory, Columbia Gas produced expert opinion testimony of W. Dale Nicholson, who opined that the Airport placed deleterious fill materials into the subject slope between 1972 and 1975, Cardno Supp. Report 20, ECF No. 158-3, Ex. B, and that the slope failure was caused, in part, by those deleterious fill materials. *See* Cardno Supp. Report at 3 (stating "[w]ith respect to the construction of the fill that failed and the likely combination of key factors that played a role in this failure Cardno, EL Robinson, WBC and P&A are aligned in the conclusion that the fill failed as a result of poor construction practices in combination with the presence of water in the fill"). The Court has previously ruled that Nicholson's expert opinion is admissible under 702 as it is relevant and reliable. *Columbia Gas Transmission, LLC v. Tri-State Airport Authority*, No. 14-11854, 2016 WL 503195, at *7 (S.D.W. Va. Feb. 8, 2016).

The Court rejects the Airport's argument that Nicholson's opinion is based on speculation and therefore insufficient to support the causation element of a negligence claim.[3] As the Court noted in its Order finding Nicholson's opinions admissible, Nicholson's expert opinions were arrived at through a method of reviewing topographical maps and pictures, and the Court finds Nicholson's method reliable under these circumstances. *See* Pl's Resp. 10–11, ECF No. 167. (explaining methods and basis for Nicholson's opinion).[4] Moreover, who else but the Airport would have authority to place fill, or approve its placement, in a slope that the Airport owned and exclusively possessed at the time the fill was placed? Thus, Nicholson's conclusions are based on facts and arrived at through a reliable method applied to the facts of this case, making Nicholson's opinions sufficient evidence for a reasonable juror to conclude that the Airport's breach of duty to Columbia Gas factually and proximately caused damage to Columbia's pipeline. *See* Pl.'s Resp. at 9.[5]

The Airport cites an Eastern District of Kentucky case, *Crum v Equitrans*, No. 12-80, 2014 WL 1883801 (E.D. Ky. May 12, 2014) as an illustration of when summary judgment is appropriate on the causation element of a negligence claim, but the Court finds *Crum* distinguishable. In *Crum*,

---

[3] According to the Airport, Nicholson's opinion is based on "two highly speculative assumptions": first, that fill material was placed in the slope between 1972 and 1975 when the airport moved earth during expansion construction; second, that the fill materials were placed "at the behest" of the Airport. Memo. in Supp. of Mot. for Summ. J. at 11.

[4] Plaintiff described this method in its Response to the Airport's motion for summary judgment: First, Nicholson narrowed the possible time period for when the fill occurred by reviewing maps and photographs supplied by the Airport, and second, Nicholson determined the entity responsible for the fill by considering the construction activities that took place during those time periods. Pl's Resp. at 10–11.

[5] Furthermore, the US's expert witness, Christopher Grose of Potesta Engineers, also supports Nicholson's conclusion that fill material was placed "at the behest of the Airport." Potesta concluded that the fill material was placed (1) in conjunction with 1957 grading work by the Airport's contractor and (2) during the Airport's construction for taxiway upgrades. Report of Potesta Engineers and Environmental Consultants 10 (Jan. 30, 2015), ECF No. 167–19.

the plaintiff's only expert witnesses said they could not determine whether the landslide was actually caused by the defendant. *Crum*, 2014 WL 1883801, at *5 ("Nothing in either [experts'] testimony addressed the cause of [the plaintiff's] damage other than speculating or simply repeating what [the plaintiff] had told them before and such evidence cannot support a finding of causation."). The court found plaintiff's evidence too speculative to support the causation element, and therefore granted summary judgment for Defendants. *Id.* In this case, because Nicholson has offered admissible expert opinion evidence that the 2012 landslide was caused by the Airport's placing deleterious material in the subject slope, *Crum* is not applicable and therefore not persuasive.

The Court also rejects the Airport's argument that it is entitled to summary judgment merely because the jury may infer that some other entity placed fill on the slope. The Airport points to Columbia Gas Operations Manager Tim Sweeney's report that the West Virginia Army National Guard (the "Guard") placed fill onto the slope, *Def.s Memo* at 14, and it suggests that Columbia Gas' predecessor, United Fuel, placed telephone poles into the slope pursuant to a 1957 agreement. According to the Airport, if these entities placed fill onto the slope, the Airport is entitled it to summary judgment. First, there is scant evidence to permit an inference that other entities placed fill on or in the slope. As for the Guard, Sweeney's report is the only evidence the Airport cites, despite a host of other evidence that the Airport placed most or all of the fill on the slope. As for United Fuel, the only evidence that it placed telephone poles in the slope is a 1957 agreement between the Airport and United Fuel for removing telephone poles. To rebut this inference that United Fuel placed poles in the slope, Columbia Gas offered a picture from 1972 showing what it purports to be the same telephone poles still in place, indicating they were not removed in 1957 and therefore not placed in the slope by United Fuel. Moreover, evidence that the poles were

removed is not evidence that United Fuel placed them in a slope that was under the exclusive possession and control of the Airport. Second, if an entity like the Guard or United Fuel ever placed fill into the slope, it must have been at the Airport's direction or with its permission because the Airport is, and was at the relevant time, the landowner that retained a right to approve such construction matters. In sum, scant evidence that other entities placed fill into the slope does not entitle the Airport to summary judgment on the causation element of Columbia Gas' negligence claim.

For the foregoing reasons, the Court determined that Columbia Gas, in support of its negligence claim, has offered expert opinion evidence that is not speculative and from which a reasonable juror could conclude that the Airport both factually and proximately caused the 2012 slope failure that damaged Columbia Gas' pipeline. As such, Columbia Gas made a sufficient showing on the causation element, making summary judgment on this ground inappropriate.

*B. The Negligence Claim is Not Based on Acts of Independent Contractors*

Second, the Airport contends the negligence claim fails because it is necessarily based on allegedly negligent acts of unidentified, independent contractors hired by the Airport, and the Airport cannot be held responsible for their negligent acts. This argument asks the Court to apply the independent contractor exception to *respondeat superior* liability, however Columbia Gas does not assert a claim based on *respondeat superior* liability.

Columbia Gas brings a negligence claim directly against the Airport by maintaining that the Airport itself acted negligently, not the Airport's independent contractors. More specifically, Columbia Gas contends that the Airport breached a duty of care the Airport owed to Columbia Gas by placing—or approving placement of—end-dump fill on the slope above Columbia Gas' easement, and by permitting the Airport's tenant, the Guard, to place a drainage field on the slope

constructed with end-dump fill. Even if the fill was placed by independent contractors, this does not alleviate the Airport of its liability for the *Airport's* allegedly negligent *decision* to place end-dump fill on the slope and its *decision* to permit the Guard's drainage system which emptied onto the fill. This is not a case where Columbia Gas contends it was injured by the negligent acts of contractors, such as their filling or constructing the slope in a negligent manner. Columbia Gas contends, instead, that it was injured by the Airport's decisions, the decision to place or approve placement of end-dump fill on the slope, and the decision to permit a drainage field on the slope. These decisions were both necessarily made by the Airport, as it was the owner of the slope with the only authority to approve or disapprove such placement and construction. No entity other than the landowner had authority to make these decisions.

For the foregoing reasons, the Court determined Columbia Gas' negligence claim was not predicated upon negligent acts of independent contractors, and therefore the independent contractor exception to *respondeat superior* liability does not apply in this case.

*C. The Negligence Claim Does Not Require Applying a Professional Standard of Care*

Third, the Airport argues the negligence claim fails because Columbia Gas has not produced expert testimony establishing a professional standard of care and breach of that standard. The Court finds evidence of a professional standard of care is not necessary in this case. On the contrary, Columbia Gas has put forth evidence in support of its contention that the Airport owed Columbia Gas a duty and that the Airport breached its duty.

There are two different duties the Airport owed to Columbia Gas, and neither requires expert testimony to show a breach of that duty. First, as Columbia Gas maintains, under West Virginia law a person owes a duty to foreseeable plaintiffs to act with ordinary care. Second, the Airport, as an owner of land burdened by an easement, has a duty to the easement holder to not

interfere with the uses authorized by the easement. *See* Restatement (Third) of Property (Servitudes) § 1.2 (Am. Law Inst. 2000).

Applying either theory of the Airport's duty, Columbia Gas has put forth evidence of breach. First, Columbia Gas adduced evidence that filling the slope in the end-dump manner and later approving the Guard's drainage field on that slope fell below what an ordinary, prudent person would do under the circumstances. *See* Pl.'s Resp. at 9 (citing the Airport expert Weaver's testimony that end dump fill limits the future use at the fill site and additional measures will need to be taken to make these types of fills suitable for future development). Second, an intentional or negligent interference by the property owner with the easement holder's use constitutes breach of the owner's obligation not to interfere with the easement holder's use. Here, Columbia Gas adduced evidence that the Airport intentionally or negligently interfered with Columbia Gas' use by filling the slope in the end dump manner and by later approving a drainage field on the slope. The evidence adduced indicated that a foreseeable result of these two actions, without additional measures to stabilize the slope, is a slope failure that would certainly interfere with Columbia Gas' use of its easement.

Under both theories of duty applicable to this case, Columbia Gas offered evidence of the Airport's breach. Therefore, the Airport is not entitled to summary judgment on the ground that Columbia has not offered evidence of the standard of care and breach of that standard.

### D. The Trespass and Nuisance Claims Survive Summary Judgment Because there is Evidence the Airport Acted Intentionally or Negligently

Lastly, the Airport argues the trespass and nuisance claims fail because under West Virginia law such claims require proof of negligent conduct. The Court disagreed and determined the Airport is not entitled to summary judgment on the trespass and nuisance claims because, based

on the analysis above, the Court has concluded that Columbia Gas adduced evidence that the Airport was negligent.

### III. Conclusion

For the foregoing reasons, the Court **DENIED** the Airport's motion for summary judgment.

The Court **DIRECTS** the Clerk to send a copy of this written Memorandum Opinion to counsel of record and any unrepresented parties.

ENTER: March 1, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE