IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

COLUMBIA GAS TRANSMISSION LLC,

        Plaintiff,

v.                                                  CIVIL ACTION NO.   3:14-11854

TRI-STATE AIRPORT AUTHORITY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Tri-State Airport Authority's motion pursuant to Federal Rule of Civil Procedure 54(d) for review of costs taxed by the Clerk. ECF No. 261. For the reasons and to the extent discussed below, the Court **GRANTS** Defendant's motion.

As a preliminary matter, the Court clarifies the issues at present. Prior to the instant motion for review, Defendant objected to Plaintiff Columbia Gas's Bill of Costs, ECF. No 246, and Plaintiff responded in support of its Bill of Costs, ECF No. 252. These filings were resolved by the Clerk's calculating and taxing costs. ECF No. 259. As such, the Court deals only with issues presented in Defendant's instant motion.

Defendant's motion for review of costs taxed by the Clerk presents two issues. First, did the Clerk err by taxing the cost of Colonel Shafer's deposition against Defendant? Colonel Shafer was the United States' 30(b)(6) representative. However, the Clerk identified Colonel Shafer as a 30(b)(6) representative of Plaintiff, rather than the United States. The Clerk's error in identifying the party affiliation of Colonel Shafer resulted in erroneously taxing the cost of Colonel Shafer's

deposition against Defendant. Accordingly, costs associated with Colonel Shafer's 30(b)(6) deposition transcript are not taxable against Defendant.

Second, did the Clerk err in calculating the costs associated with Mr. Kenny Newhouse? The Clerk calculated the total cost associated with Mr. Newhouse as $377.66. The Court will now review the total cost taxable for Mr. Newhouse's participation in this case. First, Mr. Newhouse was deposed in Charleston, West Virginia, which entitled him to a $40 fee and also reimbursement of $16.20 for round trip mileage from his home in Elkview, West Virginia to Charleston.[1] This amounts to a total deposition fee of $56.20. Second, Mr. Newhouse was subpoenaed to prepare for and attend the trial as a witness for up to five days. Mr. Newhouse complied with the subpoena and was released from his duties under the Subpoena after the first day of trial. According to Defendant, Mr. Newhouse is entitled to one day's trial attendance at $40.00 and also round trip mileage reimbursement for the one day he actually attended trial, which Defendant calculated at $35.53 and Plaintiff calculated at $71.28. With regard to Mr. Newhouse's attendance at trial, the Court finds Mr. Newhouse is entitled to reimbursement for one day's attendance—thus, a $40 fee and $71.28 in round trip mileage reimbursement.[2] This amounts to a total trial fee of $111.28. In total, for his deposition and appearance at trial Mr. Newhouse was entitled to $167.48 in fees and reimbursement. Therefore, the Clerk should only have taxed against Defendant this amount as the costs associated with Mr. Newhouse. Any amount Plaintiff may have paid Mr. Newhouse in excess of this amount cannot be included in the costs taxed against Defendant.

---

[1] Elkview is approximately fifteen miles from Charleston.

[2] The Court credits Plaintiff's calculation, which multiplied 132 miles (the total round-trip distance between Mr. Newhouse's home in Elkview, West Virginia and the trial location in Huntington, West Virginia) by $ 0.54 per mile (the federal mileage reimbursement rate) for a sum of $71.28.

To conclude, the Court **GRANTS** Defendant's motion to review the costs taxed by the Clerk. The Court **ORDERS** the Clerk to adjust the costs taxed against Defendant as follows: costs associated with Colonel Shafer's 30(b)(6) deposition transcript are not taxable against Defendant; and total costs associated with Mr. Newhouse's participation in this case amount to $167.48.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    May 5, 2016

        _____
        ROBERT C. CHAMBERS, CHIEF JUDGE